IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 7, 2019 Session

## STATE OF TENNESSEE v. MICHAEL EUGENE TOLLE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 100047   Bobby R. McGee, Judge**

_____

**No. E2017-00571-SC-R11-CD**

_____

This is the third in a succession of three cases concerning Section 5 of the Public Safety Act of 2016, which took effect on January 1, 2017, and amended Tennessee Code Annotated section 39-14-105, the statute providing for grading of theft offenses.  In 2012, before the amended version of the statute took effect, Michael Eugene Tolle, the defendant, pleaded guilty to theft of property in the amount of more than $500 but less than $1,000, a Class E felony at the time of the offense, and he was sentenced accordingly.  In 2017, following the revocation of his probation, the trial court applied the amended version of the statute, which graded theft in the amount of $1,000 or less as a Class A misdemeanor, and imposed a Class A misdemeanor sentence.  The State appealed.  The Court of Criminal Appeals, after determining that it had authority to consider the issue raised by the State, vacated the sentence and remanded for entry of a sentence reflecting his conviction for a Class E felony.  We granted the defendant's application for permission to appeal in this case in order to consider (1) whether the State had the right to appeal the trial court's revocation order, and (2) whether the defendant, who was originally sentenced under the prior version of the statute, may benefit from the lesser punishment under the amended version of the theft grading statute following the revocation of his probation.  We conclude that, pursuant to Tennessee Rule of Criminal Procedure 35, the intermediate appellate court acquired jurisdiction of the State's claim when the defendant, in effect, filed a Rule 35 motion for reduction of sentence.  In addition, while we agree with the Court of Criminal Appeals' determination that the Criminal Savings Statute applies to the amendments to Tennessee Code Annotated section 39-14-105, we also agree with its ultimate conclusion that the trial court exceeded its authority in modifying the offense class and sentence pursuant to the amended version of the statute following the revocation of his probation.  We, therefore, affirm the

judgment of the Court of Criminal Appeals and remand to the trial court for the entry of a modified judgment consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed; Case Remanded to the Trial Court**

ROGER A. PAGE, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, SHARON G. LEE, and HOLLY KIRBY, JJ., joined.

Mark E. Stephens, District Public Defender, and Jonathan Harwell, Assistant District Public Defender, for the appellant, Michael Eugene Tolle.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Nicholas W. Spangler, Assistant Attorney General; Charme P. Allen, District Attorney General; and Ashley McDermott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In August 2012, the defendant pleaded guilty in the Knox County Criminal Court to two counts of theft: theft of property valued at more than $500 but less than $1,000 (Count 1), which then constituted a Class E felony; and theft of property valued at $500 or less (Count 2), which constituted a Class A misdemeanor. In accordance with his plea agreement with the State, the defendant was sentenced to concurrent sentences of two years for Count 1 and eleven months, twenty-nine days for Count 2 to be served in the Tennessee Department of Correction. On December 22, 2012, the defendant was placed on determinate release probation.[1] Six months later, a probation violation warrant alleged that the defendant had violated the terms of his release.

On May 27, 2014, the defendant was taken into custody in South Carolina, where he remained until December 2016. On December 23, 2016, the defendant was transferred

---

[1] "Notwithstanding any other law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date." Tenn. Code Ann. § 40-35-501(a)(3).

to Jefferson County, Tennessee, where he faced charges of burglary and theft, to which he pleaded guilty in exchange for a three-year sentence. The defendant was then transferred to Knox County to answer the 2013 probation violation warrant.

Concerning the warrant, the defendant filed a motion to dismiss in which he primarily argued that the State's failure to prosecute while he was incarcerated in South Carolina violated his right to a speedy trial. In the alternative, the defendant requested that his sentence reflect the amendments to the theft grading statute, Tennessee Code Annotated section 39-14-105(a), and that he be granted credit for time served in South Carolina. The defendant cited to the Public Safety Act of 2016, which amended the theft grading statute, effective January 1, 2017. He noted that under the amended version of the theft grading statute, his 2012 conviction for theft of property valued at more than $500 but less than $1,000 would constitute a Class A misdemeanor, rather than a Class E felony. Therefore, the defendant argued, pursuant to the Criminal Savings Statute, Tennessee Code Annotated section 39-11-112, "[the defendant] is entitled to be punished under the new, more lenient regime."

The trial court held a revocation hearing on February 23, 2017, at which the defendant conceded that he violated the terms of his probation; however, he again argued that the probation violation warrant should be dismissed for the reasons outlined in his motion to dismiss. Notably, the defendant pointed to Rule 35 of the Rules of Criminal Procedure for the trial court's authority to reduce the defendant's sentence within 120 days of his probation revocation. *See* Tenn. R. Crim. P. 35 (a) ("The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked.").

The State argued that the delay in a hearing occurred as a result of the defendant's own misconduct, which led to his incarceration in South Carolina, and thus, no speedy trial violation had occurred. The State also opposed the defendant's request for resentencing under the amended theft grading statute, arguing that the Criminal Savings Statute does not apply to sentencing following a probation revocation. The State further contended that the defendant was not entitled to credit for time spent incarcerated in South Carolina.

In its order entered on February 24, 2017, the trial court found that the defendant had violated the terms of his probation and denied the defendant's motion to dismiss. The court found the defendant's speedy trial claim to be without merit but elected to reduce the defendant's sentence to eleven months, twenty-nine days for a Class A

misdemeanor. The defendant was not granted credit for his time served in South Carolina but did receive credit for time served in Knox County.

The State filed a notice of appeal challenging the trial court's decision to reduce the defendant's sentence, citing Tennessee Code Annotated section 40-35-402 as its statutory basis for the right to appeal. The Court of Criminal Appeals determined that the State's appeal was improperly filed but elected to treat the appeal as a petition for the common law writ of certiorari. *State v. Tolle*, No. E2017-00571-CCA-R3-CD, 2018 WL 1661616, at *6-7 (Tenn. Crim. App. Mar. 19, 2018), *perm. app. granted* (Tenn. Aug. 9, 2018). After determining that the trial court erred in altering the class of the conviction offense following the revocation of the defendant's probation, the intermediate appellate court vacated the trial court's order modifying the defendant's sentence to eleven months, twenty-nine days for a Class A misdemeanor. *Id.* at *11.

## II. ISSUES PRESENTED

We granted the defendant's application for permission to appeal in this case in order to consider the following issues:

1. Whether the Court of Criminal Appeals erred in considering the State's appeal of the trial court's application of the Criminal Savings Statute in altering the class of the conviction offense under the amendments to Tennessee Code Annotated section 39-14-105 following the revocation of the defendant's probation.

2. Whether the defendant, who was originally sentenced under the prior version of the statute, may benefit from the lesser punishment under the amended version of Tennessee Code Annotated section 39-14-105 following the revocation of his probation.

For the following reasons, we affirm the judgment of the Court of Criminal Appeals.

## III. ANALYSIS

At the outset, we note that this case involves multiple issues of statutory construction. As issues involving statutory construction present questions of law, we review such questions de novo with no presumption of correctness. *State v. Dycus*, 456 S.W.3d 918, 924 (Tenn. 2015) (citing *State v. Springer*, 406 S.W.3d 526, 532-33 (Tenn.

2013); *State v. Marshall*, 319 S.W.3d 558, 561 (Tenn. 2010); *State v. Wilson*, 132 S.W.3d 340, 341 (Tenn. 2004)); *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009).

When engaging in statutory interpretation, "well-defined precepts apply." *State v. McNack*, 356 S.W.3d 906, 908 (Tenn. 2011). "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) (citing *State v. Sliger*, 846 S.W.2d 262, 263 (Tenn. 1993)); *Carter*, 279 S.W.3d at 564 (citing *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008)). In construing statutes, Tennessee law provides that courts are to avoid a construction that leads to absurd results. *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 872 (Tenn. 2016). "Furthermore, the 'common law is not displaced by a legislative enactment, except to the extent required by the statute itself.'" *Wlodarz v. State*, 361 S.W.3d 490, 496 (Tenn. 2012) (quoting *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 679 (Tenn. 2002)), *abrogated on other grounds by*, *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language . . . ." *Carter*, 279 S.W.3d at 564 (citations omitted).

### A. Jurisdiction

We first consider, as we must, whether this Court is authorized to hear the case before us. Concerning the State's right to appeal in a criminal case, this Court has previously explained:

> Under the common law, as understood and applied in the United States, neither a state nor the United States had a right to appeal in a criminal prosecution, unless the right is expressly conferred by a constitutional provision or by statute. *Arizona v. Manypenny*, 451 U.S. 232, 246, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981); *United States v. Sanges*, 144 U.S. 310, 312, 12 S.Ct. 609, 36 L.Ed. 445 (1892); *State v. Reynolds*, 5 Tenn. (4 Hayw.) 110, 110 (1817). A general grant of appellate jurisdiction does not satisfy this requirement. *United States v. Sanges*, 144 U.S. at 322–23, 12 S.Ct. 609; *State v. Reynolds*, 5 Tenn. (4 Hayw.) at 110–11. When a statute affords a state or the United States the right to an appeal in a criminal proceeding, the statute will be strictly construed to apply only to the circumstances defined in the statute. *Carroll v. United States*, 354 U.S.

- 5 -

394, 400, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); *State v. Adler*, 92 S.W.3d 397, 400 (Tenn. 2002).

*State v. Meeks*, 262 S.W.3d 710, 718 (Tenn. 2008).

Following the trial court's revocation order, the State filed a notice of appeal. The Court of Criminal Appeals determined that appellate jurisdiction was proper using the "extremely limited avenue of relief" of a common law writ of certiorari. *Tolle*, 2018 WL 1661616, at *6 (internal quotation marks omitted) (citing *State v. Lane*, 254 S.W.3d 349, 355 (Tenn. 2008)) ("[A] common-law writ of certiorari is appropriate to correct (1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion.").

Our review of the record, however, leads us to conclude that appellate jurisdiction was proper pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. Rule 35 provides, in relevant part:

> **(a) Timing of Motion.** The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. . . .
> **(b) Limits of Sentence Modification.** The court may reduce a sentence only to one the court could have originally imposed.
> . . . .
>
> **(d) Appeal.** . . . . If the court modifies the sentence, the state may appeal as otherwise provided by law.

Tenn. R. Crim. P. 35.

The Court of Criminal Appeals declined to cite Rule 35 as the basis of appellate jurisdiction "because the record does not clearly establish that the trial court was acting under the color of authority granted by Rule 35." *Tolle*, 2018 WL 1661616, at *5. We disagree.

Following his transfer to Knox County to answer for his 2013 probation violation, the defendant filed a written motion titled "Motion to Dismiss Due to Violation of the Right to a Speedy Trial or in the Alternative to be Sentenced Consistent with Current

- 6 -

Law and with Credit for Time Served in South Carolina." Although the written motion contained no mention of Tennessee Rule of Appellate Procedure 35, the defendant argued therein for a reduction of his sentence. He then argued during his revocation hearing that Rule 35 granted the trial court authority to reduce his sentence and mentioned the rule by name. The basis of the defendant's motion before the trial court was, at least in part, Tennessee Rule of Criminal Procedure 35, and despite the trial court's failure to expressly state the basis for its ruling, it can be inferred that the court was operating under Rule 35 when it reduced the defendant's sentence. Consequently, it was not necessary for the Court of Criminal Appeals to resort to the common-law writ of certiorari to establish appellate jurisdiction because Rule 35 expressly provides for a State appeal when the trial court modifies the sentence thereunder. Tenn. R. Crim. P. 35(d).

## B. Applicability of Amended Theft Grading Statute

Next, we turn to the issue of whether the amendments to Tennessee Code Annotated section 39-14-105 may be applied following the revocation of probation. We reiterate that our review of this question of statutory construction is de novo with no presumption of correctness. *State v. Howard*, 504 S.W.3d 260, 267 (Tenn. 2016).

At the time the defendant committed the offense at issue in the case before us, theft of property valued at more than $500 but less than $1,000 constituted a Class E felony. Tenn. Code Ann. § 39-14-105(a)(2) (2014). However, Tennessee Code Annotated section 39-14-105, which we refer to as the theft grading statute, was amended by the Public Safety Act of 2016. So, after January 1, 2017,[2] theft of the same amount instead constituted a Class A misdemeanor. Tenn. Code Ann. § 39-14-105(a)(1) (2017); 2016 Tenn. Pub. Acts, ch. 906, sec. 5.

As a general rule, "a criminal offender must be sentenced pursuant to the statute in effect at the time of the offense." *State v. Smith*, 893 S.W.2d 908, 919 (Tenn. 1994) (citing *State v. Reed*, 689 S.W.2d 190, 196 (Tenn. Crim. App. 1984); 24 C.J.S. *Criminal Law* § 1462 (1989)). Even so, our legislature has enacted a Criminal Savings Statute, which requires courts to apply a subsequent statute to a defendant's sentencing if the subsequent statute "provides for a lesser penalty." Tenn. Code Ann. § 39-11-112. In this Court's opinion in *Menke*, issued concurrently with this opinion, we concluded that

---

[2] Pursuant to section 17 of the Public Safety Act, the amendments to the theft grading statute became effective on January 1, 2017. 2016 Tenn. Pub. Acts, ch. 906, sec. 17.

the "lesser penalty" language of the Criminal Savings Statute was satisfied and that the amended version of the theft grading statute was applicable even where the offense occurred before the amendment's effective date. *State v. Menke*, No. M2017-00597-SC-R11-CD, __ S.W.3d __, __ (Tenn. 2019).

Even so, we conclude that the amended version of the theft grading statute cannot apply in the case before us. As discussed above, the trial court was operating under Rule 35 of the Tennessee Rules of Criminal Procedure when it modified the offense class and sentence following the revocation of the defendant's probation. "The standard of review in an appeal from a trial court's decision on a Rule 35 motion is whether the trial court abused its discretion." *State v. Patterson*, 564 S.W.3d 423, 429 (Tenn. 2018) (citing *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993)). "A trial court abuses its discretion when it applies an incorrect legal standard, reaches a conclusion that is not logical, bases its decision on a clearly erroneous assessment of the evidence, or uses reasoning that causes an injustice to the complaining party." *State v. Davidson*, 509 S.W.3d 156, 193 (Tenn. 2016) (citing *State v. Davis*, 466 S.W.3d 49, 61 (Tenn. 2015)); *see also State v. Smith*, 492 S.W.3d 224, 243 (Tenn. 2016).

Ordinarily, upon finding a violation of the terms of probation, the trial court has discretion to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. Tenn. Code Ann. §§ 40-35-308(c), -310(a), -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). However, when a motion is properly filed pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure, the trial court also has authority to reduce the defendant's sentence to one that the court could have originally imposed. Tenn. R. Crim. P. 35(b).

Under the plain language of the rule, the court was limited to reducing the defendant's sentence "only to one the court could have originally imposed." Tenn. R. Crim. P. 35(b). The rule does not permit the trial court to alter the offense class, and at the time of the defendant's original sentencing in 2012, eleven months, twenty-nine days was not an authorized sentence for a Class E felony, to which he pleaded guilty.[3] *See* Tenn. Code Ann. § 40-35-111(b)(5).

---

[3] The defendant points out that, under Tennessee Code Annotated section 40-35-211, the sentencing court had discretion to sentence him to the local jail or workhouse for a period of less than one year because he was a Range I offender. *See* Tenn. Code Ann. §§ 40-35-211(2), -112(a)(5). Section 40-35-211 gives the trial court such discretion if the minimum punishment for any offense is imprisonment for one year and where "in the opinion of the court the offense merits a lesser punishment." *Id.* § 40-35-211(2). However, there was no such finding here—neither during the original sentencing nor during the

We also conclude that the Criminal Savings Statute does not operate to "save" the defendant under these circumstances. Again, the Criminal Savings Statute provides that "in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act." Tenn. Code Ann. § 39-11-112. Although we have concluded that the Criminal Savings Statute is generally applicable to the amended theft grading statute, here, the defendant's punishment was imposed in August 2012 when he pleaded guilty to his crimes under the pre-2017 version of the theft grading statute. We agree with the Court of Criminal Appeals that "[w]hen the trial court revokes a defendant's probation, any action it takes thereafter relates back to the sentence previously imposed." *Tolle*, 2018 WL 1661616, at \*11.

We, therefore, conclude that the trial court abused its discretion in modifying the offense class and sentence pursuant to the amended version of the theft grading statute following the revocation of his probation. Accordingly, we affirm the decision of the Court of Criminal Appeals to vacate the sentence imposed by the trial court and remand to the trial court for further proceedings consistent with this opinion.

## IV. CONCLUSION

For the foregoing reasons, we conclude that appellate jurisdiction was proper in this case, and we further conclude that the trial court erred in modifying the offense class and sentence pursuant to the amended version of the theft grading statute, Tennessee Code Annotated section 39-14-105. Therefore, we affirm the judgment of the Court of Criminal Appeals and remand to the trial court for the entry of a modified judgment consistent with this opinion. It appearing that the defendant, Michael Eugene Tolle, is indigent costs of this appeal are taxed to the State of Tennessee.



ROGER A. PAGE, JUSTICE

---

revocation proceedings. In revoking the defendant's probation, the trial court simply decided to honor the "contemporary wishes" of the legislature.